

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**

AUSTIN 11, TEXAS

~~ATTORNEY GENERAL~~

Honorable Fred V. Meredith
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. 0-7408
Re: Whether driver of pick-up truck
on highway is required to have
commercial operator's license;
and related question.

     This is in reply to your letter of Septembe 4, 1946, requesting our opinion on the questions presented therein, based upon the following state of facts.

     A man living in Terrell, Texas, borrowed a friend's pick-up (½-ton truck) and drove it to Dallas to a show. On the way home he was stopped as he passed through the City of Forney by the officers, and two complaints were filed against him. He was charged with driving a commercial vehicle without having a commercial operator's license, and in addition, was charged with filure to have with the vehicle a copy of his license receipt. He had an operator's license and was not using the truck for commercial purposes.

     For the sake of clarity, we will re-phrase your questions to state the problems which seem to be presented by the facts given and your brief thereon, and answer each in turn:

     1. Is a person who is operating a pick-up truck on the highways of this State as a passenger vehicle for his own use only, and not for hire, required to have a commercial operator's license while so operating such truck?

     Article 6687b, Sec. 2(a), Vernon's Annotated Civil Statutes of Texas, provides:

> "No person, except those hereinafter expressly exempted, shall drive any motor vehicle upon a highway in this State unless such person has a valid license as an operator, a commercial operator, or a chauffeur under the provisions of this Act."

     Section 1(n) of said Article defines a "commercial operator" as "every person who is the driver of a motor vehicle designed or used for

the transportation of property, including all vehicles used for delivery purposes, while said vehicle is being used for commercial or delivery purposes." (emphasis ours) The underlined phrase qualifies and limits the statutory definition of "commercial operator," and the evident intent of the statute is to require the operator of any motor vehicle to be licensed as a commercial operator only when such vehicle is actually being used at that time for the purpose of transporting property.

We therefore answer the first question in the negative.

2. Is the operator of a pick-up truck upon the highways of this State required to carry in such truck or on his person, at all times, a copy of the current registration license receipt issued for said truck, regardless of whether it is being used for a commercial purpose?

Article 6675a-2, V.A.C.S., requires the owner of every motor vehicle used or to be used upon the public highways to apply each year for the registration of such motor vehicle, with certain exceptions not necessary to be noted here.

Article 827a, Sec. 5a, Vernon's Annotated Penal Code, provides:

"Upon application for registration of any commercial motor vehicle, truck tractor, trailer or semi-trailer, the applicant shall deliver to the Tax Collector, or one of his duly authorized deputies, an affidavit, duly sworn to before an officer authorized to administer oaths, showing the weight of said vehicle, the maximum load to be transported thereon, and the total gross weight for which said vehicle is to be registered; which affidavit shall be kept on file by the Collector. The license receipt issued to the applicant shall also show said total gross weight for which said vehicle is registered. A copy of said receipt shall be carried at all times on any such vehicle while same is upon the public highway.

"The copy of the registration license receipt above required shall be admissible in evidence in any cause in which the gross registered weight of such vehicle is an issue, and shall be prima facie evidence of the gross weight for which such vehicle is registered. Such copy of the registration license receipt shall be displayed to any officer authorized to enforce this Act, upon request by such officer.

"The driver, owner, operator, or other person operating or driving such vehicle, failing to comply with this provision of this Act, shall be guilty of a misdemeanor and upon conviction shall be fined in any sum not exceeding Two Hundred ($200.00) Dollars. As amended Acts 1941. 47th Leg., p. 144, ch. 110, § 12."

It is therefore our opinion that the driver of a pick-up truck is required to carry in said truck a copy of the current registration license receipt issued for such truck at all times while said truck is upon the public highway. Carrying such receipt upon his person will answer the requirement of the statute while the driver is in the truck.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ W. R. Allen

W.R. Allen
Assistant

APPROVED SEP 26, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

WRA:LJ:egw

APPROVED
Opinion Committee
By B W B
Chairman